IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00514-KDB-SCR

| | |
|---|---|
| KALISHWAR DAS,<br><br>    Plaintiff,<br><br>    v.<br><br>MECKLENBURG COUNTY<br>SUPERIOR COURT<br>ADMINISTRATION,<br><br>    Defendant. | <u>ORDER</u> |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 13) and Plaintiff's Motion for Entry of Default (Doc. No. 19). The Court has carefully considered these motions, the parties' briefs and exhibits and the full record, all with due regard for Plaintiff's status as a *pro se* litigant. For the reasons discussed briefly below, the Court finds that the purported Defendant Mecklenburg Court Superior Court Administration is not a separate legal entity over which this Court can exercise personal jurisdiction and, in any event, this Court is barred from hearing Plaintiff's claims against an agency of the State of North Carolina under the Eleventh Amendment to the United States Constitution. Therefore, the Court will **GRANT** Defendant's Motion to Dismiss and administratively **DENY** Plaintiff's Motion for Entry of Default as moot in light of the Court's lack of jurisdiction.

In this action, Plaintiff Kalishwar Das alleges that "Mecklenburg County Superior Court Administration" is liable to him for breach of contract because a court reporter, Ms. Diane Mercengill, received payment for purchase of a "verbatim court transcript" and then "falsified or

1

manipulated" the transcript and "declined to verify its authenticity when requested." Plaintiff further alleges that another purported employee of the Defendant, David Jester, a court reporting manager, wrongfully "intervened in the situation without prior request," and "provided unsolicited and unverified suggestions" to Plaintiff. *See* Doc. No. 7 at ¶¶ 9-11. However, prior to any consideration of the merits of Mr. Das' claims, the Court must have jurisdiction over both the subject matter of this action and personal jurisdiction over the Defendant, and Plaintiff bears the burden of proving that jurisdiction. *See Jones. v. Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999); *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). Both personal and subject matter jurisdiction are lacking here.

The named Defendant is the Mecklenburg County Superior Court Administration as the employer of Ms. Mercengill and Mr. Jester. Doc. No. 7 at ¶¶ 3, 8 (Mecklenburg County Superior Court Administration "is the primary and only defendant."). Yet, Mecklenburg County Superior Court Administration is not a separate legal entity, which Plaintiff acknowledges. Doc. No. 17 at 2 ("While not a separate legal entity, 'Mecklenburg County Superior Court/Administration' likely functions as an arm of the state government"). More specifically, in North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." *McPherson v. First & Citizens Nat. Bank of Elizabeth City*, 240 N.C. 1, 81 S.E.2d 386, 397 (1954). There is no North Carolina statute creating an entity named Mecklenburg County Superior Court Administration. Plainly, entities that do not exist cannot be sued or served with legal process. Accordingly, if a plaintiff files suit against an entity that is not capable of being sued, then the case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. *See Fisher v. Winston-Salem*

2

Case 3:23-cv-00514-KDB-SCR   Document 21   Filed 01/08/24   Page 2 of 4

*Police Dep't*, 28 F. Supp. 3d 526, 534 (M.D.N.C. 2014); *Deal v. Cape Fear Valley Hosp*, No. 5:09-CT-3066-D, 2011 WL 354690 (E.D.N.C. Feb. 2, 2011).

Alternatively, even if the Court liberally construed Plaintiff's pleading to assert a claim against the Mecklenburg County Superior Court as an agency of the State of North Carolina (ignoring the specific language of his Complaint), Plaintiff would still not be able to maintain his claim in Federal Court because of the U.S. Constitution's Eleventh Amendment. It is well established "that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (internal quotation marks omitted); *Amison v. George Mason University, et al.*; No. 23-1042, 2023 WL 8946774, at *2–3 (4th Cir. Dec. 28, 2023). This immunity also extends to state agencies and other government entities properly characterized as "arms" of the State. *Id.*[1] Plaintiff concedes that Defendant is an "arm" of the State of North Carolina. Therefore, even if the case were not dismissed for lack of personal jurisdiction, dismissal would alternatively be required for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Amison*, 2023 WL 8946774, at *2–3 (reversing District Court and ordering dismissal of claim against state university pursuant to Fed. R. Civ. P. 12(b)(1)).[2]

---

[1] Like the State itself, state officers acting in their official capacity are also entitled to Eleventh Amendment protection because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and, "[a]s such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[2] Plaintiff suggests that his claims fall within the *Ex parte Young* exception to Eleventh Amendment immunity. In *Ex parte Young*, "[t]he Supreme Court ... delineated an exception to the application of the Eleventh Amendment ... [that] permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law." *Amison*, 2023 WL 8946774, at *2 (quoting *Bland v. Roberts*, 730 F.3d 368, 390 (4th Cir. 2013)). However, "the

Having determined that it does not have jurisdiction over this Defendant or this matter, the Court need not and does not reach any of Defendant's other arguments concerning the lack of proper service or the merits of Plaintiff's claims.

### ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 13) is **GRANTED;**

2. Plaintiff's Motion for Entry of Default (Doc. No. 19) is administratively **DENIED** because the Court lacks jurisdiction over this matter and this Defendant; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 8, 2024

Kenneth D. Bell
United States District Judge

---

[*Ex parte Young*] exception is narrow: It applies only to prospective [injunctive] relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Id*. (quoting *P.R. Aqueduct*, 506 U.S. at 146 (cleaned up)).