# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:23-CV-00514-KDB-SCR

| | |
|---|---|
| **KALISHWAR DAS,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **MECKLENBURG COUNTY SUPERIOR COURT ADMINISTRATION,** | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 24), asking that the Court reconsider the granting of Defendants' Motion to Dismiss and the dismissal of this action. (Doc. No. 21). The Court has carefully considered this motion and Plaintiff's arguments in support. Defendants have not responded to the motion. For the reasons briefly discussed below, the Court will **DENY** the motion.

Plaintiff seeks reconsideration of the Court's final dismissal of this action under Federal Rule of Civil Procedure 60. That rule permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

1

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steamship Co.*, Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). The Court finds that none of the circumstances reflected in Rule 60(b)(1)-(5) apply here. Further, relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted). The Court concludes that reversal of the Court's dismissal order is neither necessary to "accomplish justice" nor does this case involve "extraordinary circumstances." Accordingly, Plaintiff's motion will be denied.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 24) is **DENIED**; and
2. The Clerk is directed to continue to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 26, 2024

Kenneth D. Bell
United States District Judge